UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| REV. EARNEST LEE HOBLEY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 07-195 (RMC) |
| KFC U.S. PROPERTIES, INC., | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

This case is the fourteenth that Plaintiff, Rev. Earnest Lee Hobley, has filed concerning the end of his employment at KFC and his subsequent arrest and prosecution for first-degree theft. The complaint, alleging conspiracy and false prosecution, Compl. ¶ 10, was filed in Superior Court on January 9, 2007, and was removed to this Court on January 29, 2007.

The complaint's four-paragraph factual statement appears to presume the Court's familiarity with the underlying facts. Without repeating those facts here, the Court incorporates the factual summary set forth in *Hobley v. KFC U.S. Properties Inc.*, Nos. 05-521, 05-522, 05-523, 05-608, 05-1003, 05-1551, 05-1552, 05-1574, 05-1707, 05-1708, and 05-2190, 2006 U.S. Dist. LEXIS 6246, at *1-3 (D.D.C. Jan. 31, 2006), *aff'd*, No. 06-7016, 2006 U.S. App. LEXIS 18805 (D.C. Cir. July 25, 2006) (unpublished). The one "new" fact is that, according to Rev. Hobley, a Wachovia Bank representative has now confirmed that the bank did, in fact, receive the missing deposit that was the subject of Rev. Hobley's theft prosecution — proving, in Rev. Hobley's view, that KFC Area Coach Marcus Jackson's testimony to the contrary was false, and that Rev. Hobley was tried

for a crime that never occurred. *See* Compl. ¶¶ 6-9. But Rev. Hobley has already sued KFC for false arrest (No. 05-521), malicious prosecution (No. 05-522), and "a frame-up" (No. 05-1707) based on the same nucleus of facts. *Hobley*, 2006 U.S. Dist. LEXIS 6246, at *8-11. Indeed, he has already specifically alleged that Mr. Jackson "falsely told authorities that Rev. Hobley was responsible for stealing the missing funds," *id.* at *11, and "presented 'misleading information and wrong documentation' to the Superior Court to persuade it of Rev. Hobley's guilt," *id.* at *9. Therefore, for the reasons more fully explained in its earlier opinion, *id.* at *13-14, the Court will dismiss this case pursuant to Federal Rule of Procedure 12(b)(6) as barred by the doctrine of res judicata.[1]

The Court recalls that KFC previously asked that Rev. Hobley be sanctioned for vexatious litigation and be required to seek leave to file further complaints against KFC. The Court denied this request without prejudice, but advised Rev. Hobley that "the number and content of [his] complaints and motions . . . give rise to the inference that [he] . . . seeks to harass KFC and burden the Court with duplicative filings." *Id.* at *22. The Court took pains to explain that, on a number of occasions, "both this Court and the Court of Appeals have determined that the central facts of which he complains — the alleged wage-and-hour violations relating to the issuance of his final paycheck and the alleged false accusations leading to his arrest and trial — are subject to arbitration." *Id.* at *23-24. And the Court explicitly "caution[ed] Rev. Hobley against filing duplicative complaints and motions based on the instant set of facts, and advise[d] that if he persists in this course, the Court w[ould] reconsider whether his conduct amounts to a pattern of harassment

---

[1] In the interests of judicial economy, because it is "patently obvious" that Rev. Hobley cannot prevail on the facts alleged in his complaint, the Court acts sua sponte, in the absence of a motion to dismiss. *See Hobley*, 2006 U.S. Dist. LEXIS 6246, at *14 n.6 (citing *Baker v. Dir., U.S. Parole Comm'n*, 916 F.2d 725, 726 (D.C. Cir. 1990)).

or abuse of the judicial process" justifying an award of injunctive or monetary relief to KFC. *Id.* at *25. Rev. Hobley should consider this his last warning.

Federal Rule of Civil Procedure 11 applies with full force to pro se litigants such as Rev. Hobley. Fed. R. Civ. P. 11(b) (holding an "unrepresented party" to the same standard as an attorney); Fed. R. Civ. P. 11 advisory committee's notes ("Although the standard is the same for unrepresented parties, . . . the court has sufficient discretion to take account of the special circumstances that often arise in pro se situations."); *see, e.g.*, *Business Guides Inc. v. Chromatic Communications Enters.*, 892 F.2d 802, 811 (9th Cir. 1989) ("[I]t is settled that pro se litigants are held to an objective standard of reasonableness under Rule 11."), *aff'd*, 498 U.S. 533 (1991). Under Rule 11, when a party presents a pleading, written motion, or other paper to the Court, he is certifying that

> to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; [and]
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

Fed. R. Civ. P. 11(b). If a party violates this Rule — for example, by presenting a paper for an improper purpose or advancing a claim that is frivolous — the Court may impose sanctions, which may include "directives of a nonmonetary nature, an order to pay a penalty into court, or . . . an order directing payment . . . of some or all of the [other party's] reasonable attorneys' fees and other expenses." Fed. R. Civ. P. 11(c)(2); *see also Integrated Healthcare Sys. v. Horbach*, No. 98-1480,

1999 U.S. App. LEXIS 13205, at *9 n.* (4th Cir. June 14, 1999) (unpublished) (discussing the availability of Rule 11 sanctions in removed actions).

To be clear: Rev. Hobley already had a full and fair chance to litigate claims about his final paycheck and his arrest and trial on theft charges. The Court ruled that he must arbitrate those claims. He cannot file any more lawsuits based on these facts. If he attempts to litigate such claims in this Court, the Court may require him to pay KFC's attorneys' fees and other expenses pursuant to Rule 11.

The complaint will be dismissed and the case closed. A separate Order accompanies this Memorandum Opinion.

Date: February 1, 2007                                    /s/
                                                    ROSEMARY M. COLLYER
                                                    United States District Judge